**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

TERESA FIMBY-CHRISTENSEN, ET AL.,

Plaintiffs,

v.

24 HOUR FITNESS USA, INC.,

Defendant.

Case No.: 5:13-cv-01007-EJD

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS; GRANTING DEFENDANT'S MOTION TO STAY PROCEEDINGS AND COMPEL ARBITRATION**

**[Re: Docket No. 9]**

Presently before the Court in this wage and hour action is 24 Hour Fitness USA, Inc.'s ("Defendant") Motion to Dismiss, or in the alternative, to Stay Proceedings and Compel Arbitration. Docket Item No. 9. The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (2012). Having fully reviewed the parties' briefing, and for the following reasons, the court DENIES Defendant's Motion to Dismiss, GRANTS Defendant's Motion to Compel Arbitration, and STAYS the action pending final resolution of the arbitration

## I. Background

Plaintiffs Teresa Fimby-Christensen and Vicky Shorts (collectively, "Plaintiffs") filed the instant action in the Superior Court for Santa Clara County on January 31, 2013 on behalf of themselves and a putative class of group fitness instructors employed by Defendant. See Dkt. No.

1, Ex. A. Plaintiffs allege Defendant violated the Fair Labor Standards Act ("FLSA") and various California Labor Code provisions by, inter alia, failing to pay for overtime compensation and missed meal and rest period compensation. Id. Defendant removed the action to this district, where it was assigned to this Court on March 12, 2013. See Dkt. Nos. 1, 7. On March 13, 2013, Defendant filed the instant motion to dismiss, or in the alternative, stay proceedings and compel arbitration. See Dkt. No. 9.

Plaintiffs are both current employees of Defendant. See Declaration of Marla Loar ("Loar Decl.") ¶ 2, Dkt. No. 9-1, Ex. A. Plaintiffs are group fitness instructors, who teach group exercise classes offered to gym members. Plaintiffs' Opposition to Motion to Dismiss ("Pl.'s Opp'n.") 1, Dkt. No. 11. Plaintiff Fimby-Christensen commenced her employment on January 22, 1998 and Plaintiff Shorts began on December 16, 2003. Loar Decl. ¶ 2.

Throughout Plaintiffs' employment, Defendant updated and issued employee handbooks to Plaintiffs, and Plaintiffs periodically acknowledged and agreed to read and comply with them. Particularly relevant to the instant motion are Defendant's 2000, 2001, 2005, and 2007 handbook revisions. See Loar Decl. Ex. A-D. Plaintiff Fimby-Christensen acknowledged the issuance of, and agreed to read and comply with, the 2000 and 2005 versions of the handbook, "in consideration for [her] employment." See Loar Decl. Ex. E, F. In the acknowledgment forms, she agreed separately to submit any dispute to binding and final arbitration as described in the handbook. Id. Defendant did not provide evidence that Plaintiff Fimby-Christensen explicitly agreed to the 2007 handbook, nor did Plaintiffs provide evidence that she disagreed with the later-issued handbook. However, Plaintiff Fimby-Christensen continued her employment after the 2007 handbook took effect. See Loar Decl. Plaintiff Shorts acknowledged and agreed to the 2001, 2005, and 2007 versions of the employee handbook. See Loar Decl. Ex. G-I. In each of her acknowledgments, Plaintiff Shorts also agreed to comply with the handbook and separately with the arbitration policy contained therein. Id.

The arbitration and disputes policy ("the Agreement") agreed to by Plaintiffs exists in each version of the employee handbook. The Agreement in the 2005 handbook, which each Plaintiff

United States District Court
For the Northern District of California

explicitly agreed to, expressly invoked the Federal Arbitration Act ("FAA") as its governing authority and provided that all employment-related disputes, whether initiated by an employee or by 24 Hour Fitness, would be "resolved only by an arbitrator through final and binding arbitration." Loar Decl. Ex. B, F, H. The Agreement also specified that disputes under the FLSA were among those subject to the mandatory arbitration policy and provided that disputes cannot be brought as class actions or in representative capacities. Id.

**II. Legal Standard**

The FAA mandates that written agreements to arbitrate disputes "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the avoidance of any contract." 9 U.S.C. § 2 (2012). "By its terms, the Act 'leaves no place for the exercise of discretion by a district court, but instead mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed.'" Chiron Corp. v. Ortho Diagnostic Sys., Inc., 207 F.3d 1126, 1130 (9th Cir. 2000) (citing Dean Witter Reynolds Inc. v. Byrd, 470 U.S. 213, 218 (1985)). Accordingly, a court's role is limited to determining: (1) whether the parties agreed to arbitrate and, if so, (2) whether the scope of that agreement to arbitrate encompasses the claims at issue. Id. If the party seeking arbitration establishes these two factors, the court must compel arbitration. 9 U.S.C. § 4; Chiron, 207 F.3d at 1130.

If a contract contains an arbitration clause, the clause is presumed valid (AT & T Technologies, Inc. v. Communications Workers of America, 475 U.S. 643, 650 (1986)) and "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration" (Three Valleys Mun. Water Dist. v. E.F. Hutton & Co., 925 F.2d 1136, 1139 (9th Cir. 1991)). Thus, the party opposing arbitration has the burden of showing that an arbitration clause is invalid or otherwise unenforceable. Engalla v. Permanente Medical Group, Inc., 15 Cal. 4th 951, 972 (1997).

Nonetheless, "arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." AT & T, 475 U.S. at 648 (quoting Steelworkers v. Warrior & Gulf Navigation Co., 363 U.S. 574, 582 (1960)).

**III. Discussion**

Plaintiffs do not argue the claims at issue are outside the scope of the Agreement, but rather contend that Defendant's Motion to Compel Arbitration should be denied both because (a) Plaintiff Fimby-Christensen did not agree to the most recent handbook and (b) the Agreement as contained in each revision is unenforceable. The Court will address each argument in turn.

**a. The Agreement is valid**

Plaintiffs argue that, though she executed the Agreement when she received the 2005 handbook, Plaintiff Fimby-Christensen nevertheless cannot be compelled to arbitrate her wage and hour claims because she did not explicitly agree to the later-issued 2007 handbook. The Supreme Court has held that "where [a] dispute is over a provision of [an] expired agreement, the presumptions favoring arbitrability must be negated expressly or by clear implication." Nolde Bros., Inc. v. Local No. 358, Bakery & Confectionery Workers Union, 430 U.S. 243, 255 (1977). Courts in this District have recognized that absent the explicit intention to rescind an arbitration clause, the clause will survive even where a prior agreement itself is rescinded by a latter agreement. See Homestake Lead Co. of Missouri v. Doe Run Res. Corp., 282 F. Supp. 2d 1131, 1142 (N.D. Cal. 2003) (citing Berkery v. Cross Country Bank, 256 F. Supp. 2d 359, 368-69 (E.D. Pa. 2003)).

Here, the parties do not appear to dispute that they each agreed to the 2005 handbook. Instead, Plaintiffs argue the Agreement in the 2005 handbook was negated by the issuance of 2007 handbook, which Plaintiff Fimby-Christensen did not expressly agree to. Pl.'s Opp'n 4. However, Plaintiffs fail to provide any evidence suggesting that either Plaintiff Fimby-Christensen or Defendant specifically intended to rescind the Agreement in the 2005 handbook. See Homestake Lead, 282 F. Supp. 2d at 1142. Moreover, the fact that Defendant included a similar arbitration clause in its 2007 handbook, which replaced the 2005 handbook, suggests an intention not to rescind the Agreement. See Loar Decl. Ex. 4, 5. Accordingly, Plaintiffs have not met their burden to overcome the presumption of arbitrability.

United States District Court
For the Northern District of California

**b. The Agreement is enforceable**

**i. The Agreement is not unconscionable**

Plaintiffs next argue the Agreement is unconscionable and, therefore, unenforceable. A contract must be both procedurally and substantively unconscionable to be rendered unenforceable. Armendariz v. Found. Health Psychcare Servs., Inc., 24 Cal. 4th 83, 114 (2000). The parties do not dispute the Agreement is adhesive, which fulfills the requirement for procedural unconscionability under California law. See Little v. Auto Stiegler, Inc., 29 Cal. 4th 1064, 1071 (2003) (finding the "procedural element of an unconscionable contract generally takes the form of a contract of adhesion"). Since the element of procedural unconscionability is met, the Court examines the element of substantive unconscionability.

Plaintiffs appear to argue that, because the adhesive Agreement contains a clause prohibiting disputes from being "brought, heard, or arbitrated as a class action," Loar Decl. Ex. B., it constitutes a class action waiver and is subject to unconscionability analysis under Gentry v. Superior Ct., 42 Cal. 4th 443 (2007). See Pl.'s Opp'n 6-8. In Gentry, the California Supreme Court found that "at least in some cases, the prohibition of classwide relief would undermine the vindication of the employees' unwaivable statutory rights and would pose a serious obstacle to the enforcement of the state's overtime laws." Id. at 450. Accordingly, the court set forth the following factors to determine whether an adhesive class action waiver should be invalidated based on unconscionability: "the modest size of the potential individual recovery, the potential for retaliation against members of the class, the fact that absent members of the class may be ill informed about their rights, and other real world obstacles to the vindication of class members' right to overtime pay through individual arbitration." Id. at 463. Plaintiffs argue that the Gentry factors weigh in their favor and thus this Court must invalidate the Agreement to ensure Plaintiffs "can vindicate their unwaivable rights in an arbitration forum." See id.; Pl's Opp'n 7-8.

Defendant argues, however, that Plaintiffs have not met their burden to show unconscionability because Gentry was effectively overruled by AT&T Mobility LLC v. Concepcion, 131 S. Ct. 1740, 1748 (2011) (overruling Discover Bank v. Superior Ct., 36 Cal. 4th

United States District Court
For the Northern District of California

148 (2005)). In Concepcion, the Supreme Court instructed that states cannot condition the enforceability of arbitration agreements on the availability of classwide arbitration procedures. See Concepcion, 131 S. Ct. at 1748. Furthermore, the Court held that even though California's Discover Bank rule did not require individual disposition, it interfered with the purpose of the FAA by disfavoring arbitration. See id. at 1750. While the Concepcion Court did not explicitly overrule Gentry's holding that a court should invalidate class arbitration waivers when it finds that "class arbitration is likely to be a significantly more effective practical means of vindicating the rights of the affected employees" and when the "disallowance of the class action will likely lead to a less comprehensive enforcement of overtime" (Gentry, 42 Cal. 4th at 463), the Concepcion opinion does contain implications as to the continuing application of Gentry in invalidating class action waivers. See Coneff v. AT & T Corp., 673 F.3d 1155, 1158-61 (9th Cir. 2012) (explaining that in light of Concepcion, the FAA preempts state unconscionability laws that invalidate class action waivers).

Plaintiffs disagree with Defendant's interpretation of Concepcion, arguing that though "much has been said" regarding Gentry's continued viability, it remains good law because it was not expressly overruled. Pl.'s Opp'n 7. Federal courts have uniformly rejected this argument. See, e.g., Sanders v. Swift Transp. Co. of Arizona, LLC, 843 F. Supp. 2d 1033, 1037 (N.D. Cal. 2012) (finding the rule in Gentry is preempted by the FAA); Jasso v. Money Mart Exp., Inc., 879 F. Supp. 2d 1038, 1049 (N.D. Cal. 2012) (holding "[i]n light of Concepcion, the California Supreme Court's decision in Gentry no longer provides a means to avoid enforcement of an arbitration agreement containing a class action waiver in an employment agreement"); Lewis v. UBS Fin. Servs. Inc., 818 F. Supp. 2d 1161, 1167 (N.D. Cal. 2011) (finding "Concepcion effectively overrules Gentry."). This Court finds no reason to depart from the holdings of this District, and Plaintiffs offer no argument as to why the Court should do so. Since Plaintiffs offer no further argument as to unconscionability, they have not met their burden.

United States District Court
For the Northern District of California

**ii. The Agreement is not otherwise unenforceable**

Plaintiffs make two additional arguments as to why the Agreement is unenforceable but, again, fail to offer any argument as to why this Court should depart from the jurisprudence of this District. First, Plaintiffs argue the class waiver provision violates California's Private Attorney General Act ("PAGA"), Cal. Labor Code §§ 2698 – 2699, because it prevents Plaintiffs from acting as private attorneys general, thus rendering the Agreement illegal and unenforceable. A court in this District recently addressed this precise issue under nearly identical factual circumstances. See Morvant v. P.F. Chang's China Bistro, Inc., 870 F. Supp. 2d 831, 840 (N.D. Cal. 2012). There, the court held the FAA preempts California's rule prohibiting the arbitration of claims for broad, public injunctive relief and, therefore, a court must enforce parties' arbitration agreements even if doing so might prevent Plaintiffs from acting as private attorneys general. Id. at 845-46 (N.D. Cal. 2012) (citing Kilgore v. KeyBank, Nat. Ass'n, 673 F.3d 947, 951 (9th Cir. 2012)). This court agrees. Considering that Plaintiffs have failed to provide any argument as to why this court should hold otherwise, the court finds no reason to depart from the Morvant court's reasoning.

Second, Plaintiffs argue that this Court should refuse to enforce the arbitration agreement because class action waivers are forbidden by the National Labor Relations Act ("NLRA"). In support of this argument, Plaintiffs rely on D. R. Horton, Inc., 357 N.L.R.B. 184 (2012), in which the National Labor Relations Board found that class action waivers restricted the employees' right under Section 7 of the NLRA to engage in concerted activities for the purpose of collective bargaining or other mutual aid or protection. Id. at 5. No courts in this District have followed Horton; however, numerous federal courts, including courts in this District, have explicitly rejected it. See, e.g., Morvant, 870 F. Supp. 2d at 842 (holding the NLRA court does not bar enforcement of agreements to arbitrate non-NLRA claims on an individual basis); Jasso, 879 F. Supp. 2d at1048-49 (finding the NLRA does not override the FAA, which compels arbitration on an individual basis in the absence of a clear agreement to proceed on a class basis). Plaintiffs' argument does not differ substantially from the ones presented in Morvant and Jasso and Plaintiffs have not provided

argument as to why this Court should follow Horton instead of applying the uniform reasoning found within this District. Accordingly, this Court finds that Plaintiffs have not met their burden of demonstrating unenforceability.

**IV. Conclusion**

The Court finds the Agreement to be valid and enforceable. Accordingly, Defendant's Motion to Compel Arbitration is GRANTED. The Court DENIES Defendant's Motion to Dismiss pursuant to 9 U.S.C. § 3. This action is STAYED in its entirety pending the final resolution of the arbitration. The clerk shall ADMINISTRATIVELY CLOSE this case.[1]

**IT IS SO ORDERED**

Dated: November 22, 2013



EDWARD J. DAVILA
United States District Judge

[1] This order does not preclude any party from moving to reopen this action, when appropriate.